```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ABDUL SHARIFF,
                         Plaintiff,

        - against -
                                              01 Civ. 1140 (DAB)
                                              MEMORANDUM AND ORDER
GLENN S. GOORD, CHARLES GREINER,
CHARLES KOENIGSMANN, C.O. PICKERING,
C.O. MORROW, C.O. SQUIRE,
C.O. SPAOSATO, ST. AGNES HOSPITAL
CORPORATION, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES,

                         Defendants.
---------------------------------------X
```
DEBORAH A. BATTS, United States District Judge.

Defendants Glenn S. Goord, Charles Greiner, Carl J. Koenigsmann, William J. Totten, Corrections Officers Pickering, Morrow, Squire, Sposato, and the New York State Department of Correctional Services ("State Defendants") move to dismiss Plaintiff Abdul Shariff's claims against them pursuant to Rules 8, 12(b)(1), 12(b)(6), 15(a), and 41(b) of the Federal Rules of Civil Procedure, and the Court's inherent power to enforce its own orders.  For the reasons stated herein, the State Defendants' Motion is GRANTED IN PART and DENIED IN PART.  Plaintiff is granted forty-five days from the date of this Order to amend his Complaint.

I. BACKGROUND

Plaintiff, an inmate in the New York State Department of Correctional Services ("DOCS"), commenced this action on February 14, 2001, while he was housed at the Green Haven Correctional Facility in Stormville, New York. Plaintiff brought the action on behalf of himself and a putative class of all wheelchair-using inmates at Green Haven, who, like him, were forced to travel to outside medical care providers with whom DOCS had contracted in order to receive certain specialized treatment. (First Am. Compl. ¶ 1.) Plaintiff alleged that (1) the "highly dangerous and discriminatory manner" in which DOCS and its employees transported prisoners in wheelchairs between Green Haven and outside medical facilities and (2) Defendant St. Agnes Hospital's failure to provide a wheelchair-accessible bathroom violated his and putative class members' rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§12132, 12182, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, et seq. Id.

Plaintiff individually sought compensatory and punitive damages against both the State Defendants and St. Agnes for "severe pain and suffering," "permanent disability and mental distress," and "extreme humiliation, emotional distress, and

discomfort" that he allegedly suffered as a result of Defendants' allegedly violative conduct.  Id. ¶¶ 81, 84, 87, 90, 93, 96, 99, 102.  Plaintiff also requested, on behalf of himself and the putative class, injunctive relief in the form of appropriate equipment and training for DOCS employees responsible for transporting prisoners in wheelchairs and the provision of wheelchair-accessible bathrooms at St. Agnes Hospital. Id.

On May 6, 2003, Plaintiff filed his Motion for Preliminary Injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure seeking, on an immediate and temporary basis, the very same injunctive relief specified in his Complaint.  See Plaintiff's Notice of Motion for Preliminary Injunction, dated May 6, 2003, at 2.  Thereafter, on May 23, 2003, Plaintiff was transferred to the Five Points Correctional Facility located in Romulus, New York, which is in the Western District of New York.  See Declaration of Katherine Rosenfeld in Support of Plaintiff's Motion for Preliminary Relief ("Rosenfeld Decl.") ¶ 4.

In response to this transfer, which Plaintiff believed was effected in retaliation for his exercising his First Amendment rights by filing this lawsuit, Plaintiff filed a second Rule 65 motion for a preliminary injunction and/or temporary restraining order while his initial preliminary injunction motion was still pending.  See Plaintiff's Proposed Order to Show Cause, dated

June 13, 2003, at 1.  In this second motion, Plaintiff sought, among other things, an order compelling State Defendants to transfer Plaintiff back to the Unit for the Physically Disabled at Green Haven and leave to amend his complaint to add claims against State Defendants based on the allegedly retaliatory transfer.  Id. at 1-2.

The State Defendants argued in their opposition papers to the motions for preliminary injunctive relief that Plaintiff could not make the requisite showing to obtain a preliminary injunction with respect to the transport of wheelchair-bound inmates because all of Plaintiff's allegations in support of this claim were "premised upon past conduct that occurred at Green Haven" and not "any wrongdoing by defendants during his present incarceration at Five Points."  (Memo. of Law in Opp. to Pl.'s Mot. for Prelim. Inj. at 13.)  Essentially, the State Defendants argued, Plaintiff's transportation-related injunctive relief claims were moot, and thus he could not demonstrate a clear and substantial likelihood of success on the merits.  Id.

At the July 29, 2003 preliminary injunction hearing, the Court ruled from the bench that: (1) Plaintiff's transfer from Green Haven to Five Points mooted his injunctive relief claim against the State Defendants under the rule established by the Second Circuit in Prins v. Coughlin, 76 F.3d 504 (2d Cir. 1996),

4

(2) the mooting of Plaintiff's claims for injunctive relief also mooted the class action claims for injunctive relief against the State Defendants, and (3) Plaintiff could amend his complaint to include injunctive relief claims against State Defendants but only as to the allegedly retaliatory aspect of his transfer to Five Points.  (Transcript of July 29, 2003 Hearing ("Tr.") at 2-3, 12-13.)

On August 8, 2003, the Court issued a written Order memorializing its July 29, 2003 bench rulings which stated in part: "Plaintiff may amend the Complaint to allege a retaliation claim, but shall not amend the Complaint to allege class action claims or claims for injunctive relief."  (<u>See</u> Order, August 8, 2003.)  Plaintiff thereafter moved the Court to reconsider its rulings pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3.  In a decision dated March 1, 2004, the Court denied Plaintiff's Motion to Reconsider.

In the interim between the Court's August 8, 2003 Order and its denial of Plaintiff's Motion to Reconsider, Plaintiff had filed his Second Amended Complaint.  As with Plaintiff's First Amended Complaint, his Second Amended Complaint sought damages for injuries he suffered while being transported to outside medical facilities and while being treated at St. Agnes Hospital. Plaintiff includes not only claims for compensatory and punitive

damages on behalf of himself but also claims on behalf of "the class he seeks to represent." (Second Amended Complaint ¶ 5.) That class is comprised of:

> all prisoners with disabilities, as defined in 29 U.S.C. § 705(20) and 42 U.S.C. § 12102, who require a wheelchair for mobility, and who are now or have been since September 6, 1999, under the custody of DOCS, housed in Green Haven Correctional Facility, and who have at any time since September 6, 1999 been injured while being transported outside the Facility by DOCS or who have received inpatient or outpatient medical care at St. Agnes Hospital while in DOCS custody.

(Id. ¶ 80.) Moreover, Plaintiff added claims to the Second Amended Complaint which allege that the State Defendants transferred him to Five Points Correctional Facility in retaliation for his lawsuit against them. (Id. ¶¶ 114-19.) Those claims seek damages, as well as injunctive relief ordering State Defendants to return Plaintiff to Green Haven Correctional Facility. (Id. ¶¶ 116, 119.)

State Defendants have moved to dismiss the Second Amended Complaint in its entirety. At the time that this Motion was filed, Plaintiff's appeal of the Superintendent's denial of his retaliation claim was pending before the Central Office Review Committee. State Defendants contend in their Motion that the Second Amended Complaint should be dismissed because it violates the Court's August 8, 2003 Order by maintaining class action and

injunctive relief claims, and that in any event Plaintiff failed to exhaust all administrative remedies available to him prior to filing his Complaint.

## II. DISCUSSION

### A.   Rule 12(b)(1) Dismissal

The State Defendants argue that dismissal of the Second Amended Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is proper because of Plaintiff's alleged failure to exhaust his administrative remedies before filing this suit.  Failure to exhaust, however, is not jurisdictional under the Prison Litigation Reform Act, 42 U.S.C § 1997e(a), (the "PLRA"). Richardson v. Goord, 347 F.3d 431, 433-34 (2d Cir. 2003). Accordingly, State Defendants' Motion to Dismiss under Rule 12(b)(1) is DENIED.

### B.   Rule 12(b)(6) Dismissal

State Defendants argue that because Plaintiff has failed to exhaust his administrative remedies as to his retaliation claims, the Court should dismiss those claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(6) permits dismissal when the Complaint fails to state a claim upon which

7

relief can be granted.

A complaint should not be dismissed under Rule 12(b)(6) unless it is entirely clear that the plaintiff is unable to prove any set of facts that would support the claim and thereby grant him relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957). The complaint must be read "generously, accepting as true the factual allegations in the complaint and drawing all inferences in favor of the pleader." <u>Bolt Elec., Inc. v. City of New York</u>, 534 F.3d 465, 469 (2d Cir. 1995); <u>Mills v. Polar Molecular Corp.</u>, 12 F.3d 1170, 1174 (2d Cir. 1993). A court should grant the motion to dismiss only "if, after viewing a plaintiff's allegations in this most favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Walker v. City of New York</u>, 974 F.2d 293, 298 (2d Cir. 1992) (<u>quoting</u> <u>Ricciutti v. New York City Transit Auth.</u>, 941 F.2d 119 (2d Cir. 1991)). The Court "is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." <u>Goldman v. Belden</u>, 754 F.2d 1059, 1067 (2d Cir. 1985). In ruling on a 12(b)(6) motion, a court may consider the complaint as well as any additional documents incorporated into or appended to the complaint. <u>See</u> <u>Tarshis v. Riese Org.</u>, 211 F.3d 30, 39 (2d Cir. 2000).

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other corrections facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). Plaintiff concedes that, when his Memorandum in Opposition to Defendants' Motion to Dismiss was being written, the Superintendent's denial of his grievance to the Central Office Review Committee was being appealed, and that therefore Plaintiff has brought his retaliation claims before exhausting all administrative remedies. (Pl.'s Mem. of Law at 22.)

Plaintiff contends that State Defendants should have introduced their exhaustion argument before the Second Amended Complaint was filed since State Defendants were made aware of Plaintiff's intent to bring retaliation claims during the 2003 hearings. (Pl.'s Mem. of Law at 22.) However, Rule 12(b)(6) does not require that a defendant move to dismiss a claim before the Complaint is filed, and Plaintiff's argument on this point is without merit. The PLRA requires that the retaliation claims be dismissed.

The corollary question is whether Plaintiff's <u>entire</u> case ought to be dismissed because while his other claims were administratively exhausted, his retaliation claims were not. In

9

other words, this Court must determine whether a case that has not been "totally exhausted" must be dismissed in its entirety.

The Court of Appeals for the Second Circuit has expressly stated that this Circuit shall not adhere to the rigid "total exhaustion" requirement. Ortiz v. McBride, 380 F.3d 649, 663 (2d Cir. 2004), cert. denied, 543 U.S. 1187 (2005). In such cases, only the unexhausted claims may be dismissed by the district court.

Accordingly, State Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety is hereby DENIED, but State Defendants' Motion to Dismiss Plaintiff's retaliation claims under Rule 12(b)(6) is hereby GRANTED.

C.   Alleged Failure to Comply with the August 8, 2003 Order

The State Defendants argue that Plaintiff's Second Amended Complaint violates the Court's August 8, 2003 Order because it maintains both class action claims and prayers for injunctive relief. (Defs.' Mem. of Law at 9.) They request that the Court invoke its "inherent power to enforce its orders" and involuntarily dismiss the Second Amended Complaint in its entirety for noncompliance under Rule 41(b) of the Federal Rules of Civil Procedure. (Id.)

Rule 41(b) provides: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Dismissal pursuant to Rule 41(b) for failure to comply with an order of the court is a "harsh remedy to be utilized only in extreme situations." Lucas v. Miles, 84 F.2d 532, 535 (2d Cir. 1996). District courts generally should consider several factors when deciding to dismiss a case under this Rule, including prejudice to the defendant caused by the noncompliance, notice to the plaintiff that noncompliance could result in dismissal, duration of the plaintiff's failures, the adequacy and efficacy of lesser sanctions, and the importance of striking a balance between calendar congestion control and a party's right to due process. See Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988).

State Defendants argue that under Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend the party's pleading [more than once] only by leave of court or by written consent of the adverse party," and that the Court's August 8, 2003 Order prohibited Plaintiff from including any injunctive relief or class action claims in his Second Amended Complaint. This contention, however, hinges on a misinterpretation of that Order. State Defendants fail to contextualize the Order properly within

the scope of the hearing held on July 29, 2003, and consequently expand the Order's coverage beyond the discussion it was intended to memorialize.

The Court concluded at the July 29, 2003 hearing that while Plaintiff may seek damages from the injuries he allegedly suffered at Green Haven, any prayer for injunctive relief from Green Haven's conduct has been mooted by his transfer to Five Points.  However, the Court's proscription against injunctive relief did not extend to Plaintiff's retaliation claim; rather, the proscription inherently was limited to relief from the conditions and policies at Green Haven.  The Court made this ruling quite clear when it denied Plaintiff's Motion for Reconsideration: "Plaintiff [may] amend his complaint to include injunctive relief claims against State Defendants but only as to the allegedly retaliatory aspect of his transfer to Five Points." (Order, Mar. 1, 2004, at 8.)  Plaintiff's Second Amended Complaint does not seek injunctive relief in excess of this limitation.

State Defendants' argument that Plaintiff's class action allegations disregard the Court's August 8, 2003 Order also misapprehends the scope of the Court's rulings.  The July 29, 2003 hearing addressed injunctive – not monetary – relief sought by Plaintiff.  Any bar on class action claims issued by the Court

inherently was limited to Plaintiff's prayers for injunctive relief. The Court eliminated any room for doubt about this ruling in its March 1, 2004 Order: "[T]he mooting of Plaintiff's claims for injunctive relief also mooted the class action claims <u>for injunctive relief</u> against the State Defendants . . . ." (<u>Id.</u> (emphasis added).) Because Plaintiff has not sought injunctive relief on behalf of the putative class members, he has not contravened the Court's orders.

Accordingly, the Court need not examine under Rule 41(b) whether dismissal for Plaintiff's noncompliance is appropriate, since Plaintiff did not fail to comply with a court order in the first instance. State Defendants' Motion to Dismiss under Rules 15(a) and 41(b) is hereby DENIED.[1]

---

[1] The State Defendants also state that they are moving for dismissal under Rule 8 of the Federal Rules of Civil Procedure, but they are not explicit about their argument for doing so. What State Defendants mean to argue, the Court suspects, is that Plaintiff has failed to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Specifically, State Defendants may be arguing that should the Court strike any text from the Second Amended Complaint as a result of the instant Motion to Dismiss, the remaining text would be indiscernible. Because the Court has determined that Plaintiff has not disregarded the August 8, 2003 Order, and because the Court grants Plaintiff leave to amend his Complaint so that he may demonstrate his compliance with all exhaustion requirements, <u>see</u> Section II.D <u>infra</u>, State Defendants' Rule 8 Motion for Dismissal ismoot.

D.   <u>Leave to Amend</u>

Even when a complaint has been dismissed, permission to amend it "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "While it is the usual practice upon granting a motion to dismiss to allow leave to replead," <u>Cohen v. Citibank</u>, No. 95 Civ 4826, 1997 WL 883789, at *2 (S.D.N.Y. Feb. 28, 1997), a court may dismiss without leave to amend when amendment would be futile. <u>Oneida Indian Nation of New York v. City of Sherrill</u>, 337 F.3d 139, 168 (2d Cir. 2003) (citing <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962)).

Between the time that State Defendants filed their Motion to Dismiss and the date of this Order, Plaintiff may have exhausted the administrative remedies for his retaliation claims. At the July 29, 2003 hearing, the Court expressly granted permission to Plaintiff to include retaliation claims in his Second Amended Complaint. (Tr. at 13.) In light of that ruling and the unwieldiness of having to litigate the retaliation claims later than the remaining claims, Plaintiff shall be granted leave to amend his Complaint so that he may allege that he has now exhausted all administrative remedies pertaining to his retaliation claims. If Plaintiff has not exhausted his retaliation claims, or if Plaintiff wishes not to continue pursuing his retaliation claims in a federal district court,

14

Plaintiff shall amend his Complaint so that the retaliation claims and all retaliation-related allegations are omitted.

### III. CONCLUSION

State Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. Specifically, State Defendants' Motion to Dismiss under Rules 8, 12(b)(1), 15(a), and 41(b), and under the Court's inherent power to enforce its own Orders is DENIED. State Defendants' Motion to Dismiss the entire case under Rule 12(b)(6) is also DENIED, but State Defendants' Motion to Dismiss Plaintiff's retaliation claims is GRANTED. Plaintiff is GRANTED 45 days from the date of this Order to amend his Complaint accordingly.

SO ORDERED.

Dated:    New York, New York
         May 18, 2006

_____
Deborah A. Batts
United States District Judge